Apparently this is a consolidated matter. 4-11-0272 and 0273. For the appellant we have Ronald Boyer and for the appellant John Tiefel. Please proceed Mr. Boyer. Thank you Your Honor. May it please the court, counsel. My client in this case, Ryan Price, was convicted of different charges arising out of two different cases in Livingston County but all under the same circumstances. He was first of all convicted of driving an automobile when his system contained cannabis. He was also convicted of possession of drug paraphernalia and possession of cannabis. And all of this arose out of an incident where he was driving through the city or village of Fairbury in Livingston County on a sunny bright morning at about 10 o'clock. The officer who stopped him was sitting alongside the road in a restaurant parking lot and he, first of all, he observed a broken taillight on a lens on my client's Dodge Caravan. And so he decided to follow him. And he did follow him for going west out of Fairbury for approximately a mile to a mile and a half. He did not observe any speeding. He did not observe any erratic driving. He didn't notice anything but at some point he was not sure where it was that he first observed it but he observed it air freshener hanging from the rear view mirror in the Dodge Caravan. This court has handled at least three of these cases within the last couple of years. And the officer, although he did not say that he stopped the vehicle, I guess he did say he stopped the vehicle because he believed the air freshener was a violation of the law. Isn't that enough? It's enough if it's a material obstruction. If this court said that, particularly in the case of Mott, which we relied upon in our brief, that simply a hanging of an air freshener is in and of itself not a violation of the law. It's not a violation of the traffic code. The air freshener must be a material obstruction to the driver's vision. And in this case and in the Johnson case and one other decided before that by this court in all three cases you indicated that there was not enough evidence to show that there was a material obstruction. But in any event... Didn't the officer in this case testify that in his opinion it would have impaired the driver's ability to view and see? He said it would have had to, is what he said, the officer at the hearing on the motion to suppress, because it was hanging below on a lanyard or a string down below the rear view mirror. And he says he'd never seen one hanging below the rear view mirror. He testified I think it was a couple of inches before and he voiced the opinion that it would have had to have been a material obstruction. But even though he made that statement, the air freshener in this case was really no different than the case in Mott where this court ruled that the officer did not have a reasonable, articulable suspicion of wrongdoing. Because there was no evidence that this air freshener constituted a material obstruction. So we rely upon Mott in this case. We think it's absolutely the same facts. And this court in Mott I think was trying to tell the trial court that in Illinois these air freshener stops are generally not valid because of the requirement that the obstruction must be material. This court pointed out the statutes in other states, in many other states, the majority of the states don't have that requirement that there be a material obstruction. They just simply say that anything hanging in front of the driver as he proceeds down the highway is illegal. Illinois doesn't do that. And the officer must have reason to believe that it's a material obstruction. And in this case, as I said, the officer simply said that it had to be a material obstruction because it was hanging below the rear view mirror at about two inches. So that was apparently the basis for the stop. There's some talk in the record and some talk by the appellate prosecutor about the broken taillight lens. But first of all, the officer I think most importantly said he didn't really stop it for the broken lens. He thought the air freshener was enough. And second of all, there is a video. The officer had a DVD or recorder in his car and a DVD was played for the trial judge. It's made a part of this record. I think I introduced it. It's Defendant's Exhibit 1 is what it is. And you can see, first of all, that Mr. Price was driving carefully down the highway. You can see the long distance that the officer followed him. And more importantly, you can see that he had his taillights on. And you can see a red-amber light reflecting or emitting from both taillights on the vehicle. So we submit that because the officer said that that wasn't the reason he stopped him and the fact that the light was clearly visible at 10 o'clock in the morning, that that was nothing more than an excuse to add to the issue as to whether the officer had a reasonable articulable suspicion. So, Your Honors, I ask you to reverse this decision and remand both of these cases back to Livingston County. Mr. Boyer, it looked to me like the trial court was aware of Mott and the other cases and had reviewed them. And the trial court watched the DVD? He did. And he was aware of Mott because I presented it to him and a copy of it at the hearing. But he, again, he could not point out that the trial court could not point out any difference, in my opinion, in any event between Mott and the case at Barr. The air fresheners were the same size. They were both hanging from a string. And there just simply is no distinction between the two cases, even though the trial judge had that case and was reading it while we were hearing this case. Thank you. You will have rebuttal. You may proceed. In Mott and the other two cases, there's the Johnson case and the Cole case that this court both found that the air freshener did not materially obstruct, or rather found that the officer did not have reasonable suspicion to believe that that air freshener would have materially obstructed the driver's view. In Mott, the police officer testified that he followed the vehicle. He started following the vehicle because he noticed that the vehicle did not have a front license plate. He later recognized that this was not an Illinois car, but he saw that the car was kind of, as the police officer was following him, the car began kind of pulling over and wouldn't pass the police officer and seemed a little evasive. So the police officer in Mott actually testified that because of that evasive behavior, he saw an air freshener and the air freshener became what he was going to use for probable cause. The trial court recognized that, that the air freshener in that case might have just been, that that police officer did not have reasonable, articulable facts to pull that car over, but he might have just used the air freshener as the means to do that. And the police officer specifically testified that he was going to use that air freshener, that it became what he was going to use to have probable cause. And how is that different from this case? Well, in this case, I believe, and I was going to get there, that I believe the police officer in this case specifically testified to facts that he saw as he was following the vehicle. One of the things that he saw was that he noticed that the air freshener was hanging from a string. The DVD actually confirmed also that it was an elastic string and the air freshener was swaying back and forth. He couldn't confirm exactly the dimensions. Obviously, when you're following a vehicle, it's hard to estimate exactly inches wide and inches tall. But his testimony indicated... Didn't the officer confiscate the air freshener? He did. And was that ever produced at trial? It was not. It was not produced at the motion suppress. All right. Now my question is, how can the trial court possibly make a finding that that air freshener was a material obstruction without having seen it? Based on, I mean, it's credibility determinations of the testimony. And I'm under the impression as well that at the initial stage of that motion to suppress, it was the defendant's duty to present that evidence. But the evidence was in the possession of the police officer, right? Correct. The police officer in this case testified that the dimensions that this air freshener was... It was a candle about three inches wide and five inches long. That's also a distinction in Mott. In Mott, the police officer actually testified that the air freshener was about three and a half to four inches wide and about five inches tall. In that case, the air freshener was actually presented as evidence. And it was a, we've seen kind of the tree, the tree-shaped air freshener. And in fact, it was about a quarter inch at the shortest part. And at the widest part, it was two inches in Mott. From top to bottom, it was three inches. So one of the determinations that the court made in that case was a credible determination that this police officer's testimony was not credible. The dimensions that he testified to were different than the actual dimensions of the actual air freshener that was presented as evidence. There was also no testimony in Mott as to how this actual air freshener obstructed the defendant's view. In our case, the police officer testified that, again, the air freshener was hanging at eye level. That it was swaying back and forth. And there was also testimony that as he was following this specific defendant, there were four to five roadways on the right side that he would have passed. And he testified that that air freshener would have materially obstructed his view to those roadways as he's driving. So we have that specific testimony that wasn't in Mott. It's not in Cole. It's not in Johnson. The specific facts right here that this officer saw that he believed materially obstructed this specific driver. Did he sit in the driver's seat of the defendant's vehicle to see whether or not there was a material obstruction? He did not. No. He did. After he did pull him over, he walked up to the car and just looking at it, he testified that based on where the driver's seat was located, that it confirmed his reasonable suspicion that this air freshener would have obstructed his view. Also, there was testimony in Mott, Cole, and Johnson. In those cases, the police officers, their idea of the statute was that anything that hung below the mirror or that any air freshener would have constituted a material obstruction. Now, in this case, defense counsel uses the testimony of the police officer. It's in the record on page 12. The question was, now, with regard to the air freshener, you believe it was a violation of the law for him to have an air freshener hanging from the rearview mirror. The police officer in this case says, yes, in this case. The question, in this case, tell us what it means by in this case. The officer says, I've seen before vehicles and air fresheners hanging from the mirror, but it actually doesn't hang below the mirror, which it wouldn't obstruct one's view. Question, and this one was hanging below the mirror, is that correct? And the officer says, yes. And so defense counsel attempts to use that testimony to communicate that this officer also believed that anything hanging below the mirror was a material obstruction. And I don't believe that the totality of the police officer's testimony communicates that. He even says that, with regard to this air freshener, do you believe it was a violation of law for him? And the police officer says, yes, in this case. So I think the facts in this case that distinguish it from Bott, from Johnson, and from Cole are, one, the dimensions of the air freshener were never disputed. I thought the defendant testified to one set of dimensions and the officer testified to another. The officer testified that it was four to four and a half inches. The defendant testified that it was four inches. So the defendant's testimony was within the half inch range that the police officer gave, that he testified to. The police officer testified and it was uncontradicted. The defendant confirmed that it was hanging about one to two inches below the mirror. It was swinging back and forth by elastic string. The police officer also testified that based on this defendant's specific seating location and that specific vehicle, that it would have obstructed his view. And I think that's one of the things that, if you read enough of these material obstruction cases, and I must admit I haven't before this case, but that, I mean, we can't look at specific dimensions and say these specific dimensions are always going to be a material obstruction. So if this court finds that a three inch wide thing is a material obstruction in this case, it doesn't necessarily mean that a three inches is going to be a material obstruction in another case. This court doesn't need to find that there was a material obstruction, does it? It's not even an issue for us. No, this court needs to find that this police officer had reasonable suspicion that it was an obstruction. Correct. Correct. But I think the reason why I point that out is I think that it's easy defense counsel to say, you know, the dimensions of our air freshener are exactly the same as the dimensions of the air freshener in Ma. Therefore, it cannot be a material obstruction. And the dimensions of an air freshener in a Mazda Miata might obstruct a view more than it would in a semi truck. So it does matter depending on the vehicle. It does matter depending on the seating location. And this police officer, I believe, and the state believes that based on his testimony, based on the facts that he gave the court, and the court actually did, you know, in Ma, it's clear that this case must have deferred to the factual findings that the trial court made. And on the record, the trial court made the findings that the air freshener was hanging below the mirror. That was uncontested by both sides. The size of the air freshener was about three inches wide, about three to four inches high, and was hanging by an elastic string. There was an elastic string above the top of the air freshener, about two inches below the bottom of the rearview mirror. And he says that was consistent from the defendant and the officer. So those are the factual findings that we have before this court. And the state contends that those factual findings by the court are enough to show that this officer had reasonable suspicion to believe that this air freshener materially obstructed the driver's view. That is all I have if there are no further questions. Thank you. Thank you, counsel. Mr. Boyer, rebuttal, please. Please, Corey, thank you. Just a very brief comment. I wanted to talk just for a second about the failure of the state to produce the air freshener at trial, which clearly they did. The officer said when I asked him where it was, it was back in his evidence locker, he said. Was this at trial or at the motion to suppress? I'm sorry, the motion to suppress. We did a stipulated bench trial at the motion to suppress. It was the duty, in my opinion, of the state to produce that air freshener at that motion to suppress. While the defendant has the burden initially of persuasion with regard to the motion to suppress, but we're all aware that once he does that, once he establishes a prima facie case, which my client did in this case by testifying first, and testifying that he was going down the highway, wasn't doing anything wrong, that that air freshener did not obstruct his vision in any way, that he had driven the same vehicle as the Dodge Caravan. It was his parents' car. He had driven it to Indianapolis, and he had no problem saying that air freshener was in there. Once he did that, then it became the state's burden to justify the stop and search. The burden shifts to them. And now I believe in this case the burden, the state had the burden of producing that air freshener so that this court now and the trial judge could actually see what we were talking about. The second thing that I want to talk about for just a minute is that this officer apparently believed that any air freshener that was hanging below the rearview mirror constituted material obstruction, regardless of the size, regardless of the vehicle he was in, regardless of any of the circumstances. Because of the very testimony that counsel just pointed to at the motion to suppress, I was questioning the officer and I asked him, did you believe that this was a violation of the law? He said, yes, in this case. And I said, what's the difference? Why in this case? He says, because it's the first time I've seen one hanging below the mirror. Well, first of all, that doesn't make any sense to me. How else could an air freshener be in a car or be hanging from the mirror unless it was below the mirror? But second of all, he apparently believed that anything hanging below the mirror constituted a material obstruction. He had no training with regard to this, which this court pointed out in Mott was a significant amount. The officer had no training in what constituted a material obstruction. This officer also did not have any training. If you have no questions, that's the only comments I wanted to make. I see no questions. I will say, Mr. Boyer, I think your rebuttal went a little beyond what the State argued. I think the State should have a chance to respond as to the duty to produce the air freshener and then I'll give you a chance to respond to whatever the State says, if you care to, that is. Mr. Teefee. May it please the Court, Counsel? I believe what my theory would be, based on what Defense Counsel just said, is that they did not meet their primary case at the initial stage. I'd like you to just limit. He argued you had a duty to produce the air freshener. I think you have a chance to respond to that, but that's all really what would be proper right now. Okay, and I guess my point is that we would only have the duty to produce that if there was a prima facie case made out. I think at the outset of that suppression hearing, it was his duty to produce the evidence to establish that prima facie case, and I do not think, especially without that production, that a prima facie case was made. Mr. Boyer, any last word on that? Okay, thanks to both of you. The case is submitted and the Court stands in recess.